## A98A0427. POTTS v. ROLLER.
### (503 SE2d 587)

POPE, Presiding Judge.

Plaintiff Bonnie S. Potts brought suit against defendant Amanda Sue Roller, seeking to recover damages for injuries she allegedly suffered when the truck she was driving was rear-ended by Roller. The jury returned a verdict in favor of the defendant, and the trial court denied plaintiff's motion for new trial. Plaintiff appeals, arguing that since defendant admitted her negligence in causing the accident, and since there was undisputed evidence that plaintiff suffered at least some injury in the accident, the trial court erred in denying her motions for directed verdict, j.n.o.v., and new trial. We agree and reverse.

There is no question that defendant's negligence caused the collision in this case. Defendant admitted at trial that she failed to keep her eyes on the road and thus was unable to stop in time to avoid hitting plaintiff, who was stationary because the traffic in front of her had stopped. The investigating officer of the accident testified that he measured 112 feet of skid marks left by defendant's vehicle. Nevertheless, defendant argues, the jury's verdict should not be overturned because in order to establish liability plaintiff must also prove that the accident was the proximate cause of her injuries. See *Dietz v. Becker*, 209 Ga. App. 678, 679 (2) (434 SE2d 103) (1993).

But review of the transcript in this case shows that plaintiff presented undisputed and unrefuted evidence that she was injured in the accident — specifically that she suffered a whiplash injury and a broken coccyx (tailbone). Although defendant vigorously contested plaintiff's claim that she had suffered a permanently disabling injury entitling her to lost wages and requiring long-term medical care, defendant never suggested that plaintiff's "minor" injuries were not proximately related to the accident. To the contrary defendant's attorney acknowledged during argument to the jury that plaintiff

had suffered some minor compensable injuries. Under these circumstances, we agree with plaintiff that she was entitled to a directed verdict of liability, "and remand the case to the trial court with direction that the issue of damages only be resolved in a new trial." *Thomas v. Kite*, 206 Ga. App. 80 (424 SE2d 305) (1992); *Todd v. City of Brunswick*, 175 Ga. App. 562, 563 (2) (334 SE2d 1) (1985); cf. *Dietz*, 209 Ga. App. at 678 (1).

*Judgment reversed. Beasley and Ruffin, JJ., concur.*

DECIDED MAY 28, 1998.

*Finch, McCranie, Brown, Hendrix & Sullivan, Richard W. Hendrix*, for appellant.

*Downey & Cleveland, Y. Kevin Williams, Tara M. Waller*, for appellee.