### A98A2129. MAYS v. FARAH U.S.A., INC.
(510 SE2d 868)

BLACKBURN, Judge.

Linda Mays appeals from the jury verdict in favor of defendant Farah U.S.A., Inc. (Farah) on her action for the wrongful death of her daughter, Sheniga. Mays contends the trial court erred in excluding from evidence an accident report filed with the State Board of Workers' Compensation and erred in failing to give certain requested jury charges. Mays also contends that the evidence does not support the jury's verdict. For the reasons discussed below, we affirm.

The record shows that Sheniga died after the automobile in which she was a passenger collided with a truck. Both Sheniga and Julie Ford, the driver of the automobile, were employees of Farah and worked at a retail outlet. On the day of the collision, Ford had arrived at work early. Upon her arrival, Ford learned that Sheniga had car trouble, so Ford volunteered to pick Sheniga up and bring her to work. On the way back to the store, the car collided with a truck hauling sand.

1. Mays contends the trial court committed reversible error in excluding from evidence a "First Report" accident report which Farah filed with the State Board of Workers' Compensation (the Board). Mays wanted to introduce the report in her case-in-chief to establish the liability of Farah under the doctrine of respondeat superior. Accident reports like the First Report at issue here are required to be filed with the Board by the Workers' Compensation Act. OCGA § 34-

9-12.[1] The Workers' Compensation Act expressly restricts both access to the reports and use of the reports: "[T]he employers' reports themselves shall be private records of the board and shall not be open for public inspection except for the inspection of the parties directly involved, and then only to the extent of such interest. These reports shall not be used as evidence against any employer in any action at law brought by any employee for the recovery of damages or in any proceeding under this chapter." OCGA § 34-9-61 (b). Use of the report by Mays as evidence against Farah is barred by the Act. The trial court did not abuse its discretion in excluding the report, and there was no error. *Candler v. Davis & Upchurch*, 204 Ga. App. 167 (419 SE2d 69) (1992).

2. Mays contends the trial court erred by failing to give certain requested jury charges. However, Mays asserts the errors within the same enumeration. "This court has long recognized that OCGA § 5-6-40 requires that an enumeration of errors shall set out separately each error relied upon. The unauthorized practice of lumping more than one assertion of error within a single enumeration creates a fair risk that ambiguity, misdirection, or confusion as to the errors asserted will occur, thereby giving rise to an increased likelihood of generating inadvertent appellate error. . . . This court, in the exercise of our sound discretion, may elect to review any one or more of the several assertions of error contained within a single enumeration and to treat the remaining assertions of error therein as abandoned." (Punctuation omitted.) *West v. Nodvin*, 196 Ga. App. 825, 830 (4) (c) (397 SE2d 567) (1990). We will review the alleged error of the court in failing to give Mays' request to charge no. 15 and will treat the other assertions of error as abandoned.

"[I]n all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . . Objection need not be made with the particularity formerly required of assignments of error and need only be as reasonably definite as the circumstances will permit." OCGA § 5-5-24 (a). Here, although Mays objected to the failure to give the charge, the objection consisted of simply listing the charge which was not given. Mays failed to state any grounds for her objection. We find the objection is insufficient to meet the requirements of OCGA § 5-5-24 (a), and the error was not preserved. *First Union Nat. Bank v. Cook*, 223 Ga. App. 374, 377-378 (6) (477 SE2d 649) (1996); compare *Martini v. Nixon*, 185 Ga. App.

---

[1] Redacted reports are used to supply data to various entities. OCGA §§ 34-9-12 (b); 34-9-61 (b).

328, 329 (2) (364 SE2d 49) (1987).

3. Mays contends that the jury verdict in favor of Farah was against the weight of the evidence and that the trial court erred by failing to set aside the verdict. The general rule is that a jury verdict, after approval by the trial court, will not be disturbed on appeal if it is supported by any evidence. *Horan v. Pickle*, 197 Ga. App. 151, 153 (2) (397 SE2d 734) (1990). Furthermore, "a jury verdict returned in favor of *the defendant* in a tort case represents a finding by the jury that the plaintiff did *not* meet his burden of proof as to the defendant's liability for damages. As against this negative finding by the jury against the plaintiff, an appellate court would not be authorized to hold that a contrary positive verdict in favor of the plaintiff was demanded unless a review of the record demonstrated that, as a matter of law, the plaintiff had met his initial burden of proof as to the defendant's liability *and* that the defendant had then failed to produce any evidence as to his non-liability. Thus, an appellate court's reversal on the general grounds of a judgment which was entered on a jury verdict returned for the defendant in a tort case requires the *existence of undisputed evidence* of the defendant's liability for damages." (Citations omitted.) *Denny v. D.J.D., Inc.*, 188 Ga. App. 431, 432 (1) (373 SE2d 383) (1988).

Examining the record in a light most favorable to the verdict and judgment, the testimony at trial showed that Farah did not permit employees to decide unilaterally to come in early and work; that Farah did not ask Ford to come to work early; that Farah did not provide transportation to or from work for its employees; that the only authorized use of personal vehicles was for picking up supplies or trips to the bank or post office; and that Ford was not on company business when she volunteered to pick up Sheniga. The evidence supports the jury verdict and judgment that Farah was not liable for the death of Sheniga.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 7, 1999 — 

*Dennis J. Redic*, for appellant.
*Cobb, Grabbe & Spillers, Charles L. Spillers*, for appellee.