A98A2071. DUNCAN et al. v. RANDOLPH.
(512 SE2d 688)

SMITH, Judge.

Angela Duncan and JoAnn Mosley brought suit against Robert Keith Randolph to recover for injuries allegedly caused by a collision between the vehicles driven by Duncan and Randolph. The case was tried before a jury, which returned a verdict in favor of Randolph. Duncan and Mosley's motion for new trial was denied, and they appeal. We find no error and affirm.

In their sole enumeration of error, Duncan and Mosley contend that in denying their motion for new trial, the trial court failed to exercise its discretion. They argue it is apparent that no discretion was exercised because the jury's verdict was contrary to law. In their brief, they expand upon this enumeration, asserting that the evi-

dence at trial was "simple and straightforward"; that it showed "irrefutably" both that the accident would not have occurred but for Randolph's failure to yield the right of way in violation of OCGA § 40-6-70 and that Duncan's and Mosley's injuries were proximately caused by the collision. They also argue that the trial court confused the jury in its charge on negligence per se.

We note first that Duncan and Mosley cannot now complain of the trial court's jury charge because they did not object at trial and have therefore waived their right to raise this issue on appeal. *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 187 (4) (450 SE2d 452) (1994).

None of the remainder of Duncan and Mosley's assertions is supported by the record. The evidence at trial was in conflict with regard to at least one material fact. Although Duncan testified that her vehicle's headlights were on, Randolph testified that they were not. The collision occurred at an intersection, as Duncan was headed north and Randolph was headed west. The parties agreed that it was rainy and foggy at the time of the incident with poor visibility, conditions warranting headlights. Randolph testified that he approached the intersection cautiously, traveling "maybe five mile an hour" after stopping at a stop sign. He knew Duncan's headlights were not on "because if she'd have had her headlights on I would have seen her from a good ways off."

Duncan and Mosley assert in their brief that Randolph was cited for failing to yield the right of way and that he paid a fine. Neither the citation nor any testimony concerning it appears in the record.[1] It is well established, however, that even when negligence per se is shown, the plaintiff must still prove proximate cause and actual damage in order to recover. *Central Anesthesia Assoc. v. Worthy*, 254 Ga. 728, 733 (2) (333 SE2d 829) (1985). And it is generally a jury question as to whether or not such negligence proximately caused the injury. *Williams v. Calhoun*, 175 Ga. App. 332, 335 (333 SE2d 408) (1985).

To recover in this case, even assuming that Randolph was negligent per se, Duncan and Mosley were required to prove that their injuries were proximately caused by Randolph's conduct in violating the statute by failing to yield the right of way. Some evidence suggested otherwise, however. The jury could have believed that the cause of the collision was not Randolph's negligence in failing to yield the right of way, but his inability to see Duncan's vehicle because she had failed to use her headlights in poor weather conditions. More-

---

[1] The transcript does include some colloquy regarding the citation before trial, but the jury was not present. The trial court charged the jury regarding negligence per se.

over, evidence was also presented showing that both Duncan and Mosley had pre-existing conditions that could have been responsible for some of the pain and the medical treatment for which they sought to recover.

The denial of a motion for new trial made on the ground that the verdict is contrary to the evidence presented addresses itself only to the trial court's discretion. In reviewing the denial of such a motion, it matters not that the evidence would also have authorized a verdict for the other party; we must view the evidence in the light most favorable to the jury's verdict. If any evidence supports the trial court's denial of the motion, we must affirm. *Clark v. United Ins. Co. &c.*, 199 Ga. App. 1, 3 (404 SE2d 149) (1991). Because at least some evidence supports the trial court's denial of Duncan and Mosley's motion for new trial, it is affirmed.

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 19, 1999.

*Boswell & Teske, Stephen E. Boswell*, for appellants.
*Chambers, Mabry, McClelland & Brooks, Wilbur C. Brooks*, for appellee.