A99A0054. RUBIN et al. v. FIELDS.
(515 SE2d 180)

Judge Harold R. Banke.

Mary Jo Rubin and David Rubin sued Carol Ann Fields for personal injuries and loss of consortium respectively after a minor automobile accident. Following a defense verdict, the Rubins appeal.

At trial, Fields admitted that her vehicle struck the rear passenger door of Mary Jo Rubin's automobile. According to Fields, as she started to make a right turn from a stopped position, she did not see Rubin's vehicle and "bumped" into it, barely striking it. Although Rubin proceeded on her errands in another car and did not seek any medical treatment that day, she ultimately sought more than

$53,596 in medical and dental expenses, as well as damages for lost wages. Rubin claimed that she sustained soft tissue injuries to her neck and back, pelvic pain, right arm pain, and temporomandibular joint ("TMJ") injuries and consulted with, or obtained treatment from, 17 different physicians, dentists, chiropractors, and physical therapists.

At trial, the parties extensively controverted the nature, extent, and cause of Rubin's purported medical problems. During cross-examination, Rubin admitted that despite presenting herself to a board certified orthopedic surgeon and to a board certified neurologist as she walked painfully with the assistance of a cane, neither physician was able to confirm her medical problems with objective findings. Fields insinuated that Rubin, a licensed physical therapist, had engaged in "doctor shopping" and manufactured symptoms to correspond with her claim for damages. The jury refused to award any damages to the Rubins. Enumerating two errors, the Rubins (collectively "Rubin") appeal. *Held*:

1. Rubin contends that the trial court erred in precluding her from informing the jury that Dr. Peter Benoit was selected by and compensated as an independent medical examiner for the defendant.

It is undisputed that Dr. Peter Benoit, a dentist with a Ph.D. in anatomy, conducted an independent medical examination of Rubin on behalf of State Farm Insurance Company. Prior to trial, the court had ruled that Dr. Benoit's status as a defense witness would not be revealed to the jury and would be edited from his videotape deposition. After Fields suggested to the jury that Rubin engaged in "self-treatment" and "doctor shopping," Rubin wanted the jury to be informed that Dr. Benoit had been selected by the defendant, not her. In light of Fields' arguments about Rubin's fraudulent manufacturing of symptoms and Rubin's alleged visits to multiple "friendly" medical providers, Rubin contended that Fields "opened the door" to the disclosure of Dr. Benoit's actual status. Rubin now urges that the exclusion of evidence of Dr. Benoit's employment was so harmful and erroneous as to warrant reversal. *White v. Lance H. Herndon, Inc.*, 203 Ga. App. 580, 582 (5) (417 SE2d 383) (1992).

The information that Dr. Benoit had been retained by the defense became relevant after the issue of "doctor shopping" arose. Plainly, Dr. Benoit's employment could have been disclosed without any mention of insurance or an insurance company. The record indicates that Dr. Benoit, a specialist in orafacial pain and TMJ disorders, testified that in his professional opinion to a reasonable degree of medical certainty the automobile collision caused the TMJ dysfunction and need for surgery.

But, even assuming that the trial court erred in barring the jury from learning that Dr. Benoit was a defense witness, Rubin cannot

prove the harm needed for reversal. Dr. Benoit also testified that "[h]er MRI could be consistent with a person with no symptoms and no problems whatsoever." Moreover, TMJ was only one of several health problems claimed by Rubin. In light of Rubin's self-contradictory testimony as well as the disputed testimony by medical providers as to the existence of any objective medical corroboration to support Rubin's purported injuries, we will not substitute our judgment for that of the jury who sifted through the medical records, testimony, and ultimately resolved the credibility of the witnesses adversely to Rubin. *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996).

2. Rubin contends that the trial court erred in denying the motion for new trial.

Where a defendant's negligence is admitted and some proof of damages is unrefuted, a defense verdict cannot stand. *Potts v. Roller*, 232 Ga. App. 696 (503 SE2d 587) (1998). But here, whether Rubin sustained any injuries which emanated from the slight impact remained disputed throughout the entire trial. Compare *Potts*, 232 Ga. App. at 696-697. Because there is some evidence to support the verdict, the denial of Rubin's motion for new trial cannot be disturbed. *Bldg. Materials Wholesale v. Reeves*, 209 Ga. App. 361, 364 (2) (433 SE2d 346) (1993).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MARCH 23, 1999.

*Goodman & Goodman, Michael D. Goodman*, for appellants.
*Allen & Associates, Arthur L. Myers, Jr., Forrester & Brim, Weymon H. Forrester*, for appellee.