A99A0299. WILSON et al. v. MALLARD CREEK HOLDINGS.
(519 SE2d 925)

RUFFIN, Judge.

Brenda Wilson and Michael Murphy sued Mallard Creek Holdings d/b/a Calloway Run Apartment Homes for negligent installation and maintenance of a natural gas water heater and negligent hiring and supervision of maintenance personnel. The plaintiffs contend that they were injured by carbon monoxide poisoning from an improperly installed heater. The defendant moved for summary judgment, asserting that there was no evidence that the plaintiffs' injuries were caused by carbon monoxide poisoning. The trial court granted the motion, and we affirm.

In order to prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that the facts, viewed in the light most favorable to the non-movant, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The defendant may do this by showing that there is an absence of evidence to support an essential element of the plaintiff's case. Id. Once the defendant demonstrates the absence of evidence, it is incumbent upon the plaintiff to point to specific evidence which gives rise to a triable issue of fact. Id.

The following elements are essential to a claim for negligence:

> (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Punctuation omitted.) *Tuggle v. Helms*, 231 Ga. App. 899, 901 (2) (499 SE2d 365) (1998).

In granting summary judgment to the defendant, the trial court concluded that the plaintiffs failed to establish the element of causation. On appeal, plaintiffs contend that there was some medical evidence that supported their claim that they had been injured by carbon monoxide poisoning. In their brief to this Court, however, plaintiffs fail to provide a single citation to the record to support this contention, in violation of this Court's rules. Court of Appeals Rule 27 (a) (1) & (c) (3) (i). Thus, we are authorized to dismiss this appeal. *Beman v. Kmart*, 232 Ga. App. 219, 220 (1) (501 SE2d 580) (1998). If an enumeration of error is not supported in the brief by specific reference to the record, we will not consider such enumeration. Id. "It is not the function of appellate judges to engage in the insipid search for support of alleged error without citation to relevant parts of the record." (Punctuation omitted.) *Gentile v. Bower*, 222 Ga. App. 736, 738 (477 SE2d 130) (1996).

Moreover, the *only* evidence the plaintiffs point to in support of their argument is the testimony of Dr. Dallas Petrey. Without citing to the record, plaintiffs suggest that Dr. Petrey's testimony that they had a "flushed appearance" (which can be a sign of carbon monoxide poisoning) is sufficient to create a jury issue with regard to causation. This is a complete misrepresentation of Dr. Petrey's testimony. In fact, Dr. Petrey testified that, with respect to Murphy, he "did not notice a cherry red appearance" that is characteristic of carbon mon-

oxide poisoning. With respect to Wilson, Dr. Petrey made no comment whatsoever on the appearance of her skin. Plaintiffs point to no other evidence in support of their claims, and "it is not the function of an appellate court to cull the record in search of error on behalf of a party." *Rice v. State Farm Ins. Co.*, 208 Ga. App. 166, 172 (3) (430 SE2d 75) (1993). Accordingly, we affirm. See *Diffley v. Marshall's at East Lake*, 227 Ga. App. 343, 345-346 (489 SE2d 123) (1997).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 29, 1999.

*Douglas R. Daum*, for appellants.
*Newman, Sapp & Davis, David A. Sapp*, for appellee.