A99A1163. LEVINE et al. v. CHOI et al.
(522 SE2d 673)

MILLER, Judge.

Sandra Levine sued Mr. and Mrs. Choi and Helen Dimitropoulos for personal injuries allegedly arising out of a three-car collision in which Choi's vehicle rear-ended Dimitropoulos' vehicle, forcing it into the rear of Levine's vehicle. Joined by her husband who sued for loss of consortium, Levine claimed she suffered debilitating soft tissue injuries to her back, shoulder, and neck, resulting in fibromyalgia (recurring areas of myofascial pain) and higher blood pressure. The jury returned a defense verdict. Appealing the denial of their motion for new trial, the Levines assert three errors on appeal: (i) the verdict was contrary to the evidence, (ii) the court instructed the jury it could find none of the defendants negligent, and (iii) the court's jury instructions imposed a higher standard of proof than preponderance of the evidence.

1. "A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." (Citations and punctuation omitted.) *Stubbs v. Harmon*, 226 Ga. App. 631, 632 (1) (487 SE2d 91) (1997). If there is any evidence to support the verdict, even if not compelling, the verdict will stand, despite substantial evidence to the contrary. Id. Moreover,

---

a jury verdict returned in favor of *the defendant* in a tort case represents a finding by the jury that the plaintiff did *not* meet his burden of proof as to the defendant's liability for damages. As against this negative finding by the jury against the plaintiff, an appellate court would not be authorized to hold that a contrary positive verdict in favor of the plaintiff was demanded unless a review of the record demonstrated that, as a matter of law, the plaintiff had met his initial burden of proof as to the defendant's liability *and* that the defendant had then failed to produce any evidence as to his non-liability. Thus, an appellate court's reversal on the general grounds of a judgment which was entered on a jury verdict returned for the defendant in a tort case requires the *existence of undisputed evidence* of the defendant's liability for damages.

(Citations and punctuation omitted; emphasis in original.) *Mays v. Farah U.S.A.*, 236 Ga. App. 1, 3 (3) (510 SE2d 868) (1999).

A negligence action requires proof that the defendant breached a duty of care owed to plaintiff, which breach proximately caused damage to plaintiff. *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). Failure to prove that the damages were proximately caused by the negligence is fatal to the action. *Wilson v. Mallard Creek Holdings*, 238 Ga. App. 746 (519 SE2d 925) (1999); *Rubin v. Fields*, 237 Ga. App. 207, 209 (2) (515 SE2d 180) (1999).

Pretermitting whether the evidence was disputed on negligence, the evidence was clearly disputed on proximate causation. Levine and her physician admitted that prior to the accident Levine for years had suffered from pain in her back, shoulders, and legs brought on by spina bifida occulta, scoliosis, osteoarthritis, and a ruptured disk. The physician had even told her she was experiencing episodes of myofascial pain that he diagnosed and treated as possible fibromyalgia and that were possibly caused by Levine's recurring hypermobility and sleep problems. She also admitted in a medical questionnaire that prior to the accident she suffered from high blood pressure, for which she was prescribed medicine.

Evidence that plaintiff's injuries were pre-existing is sufficient for a jury to find the accident did not proximately cause the injuries. *Duncan v. Randolph*, 236 Ga. App. 566, 568 (512 SE2d 688) (1999); *Blosfeld v. Hall*, 236 Ga. App. 286, 287-288 (511 SE2d 196) (1999). Compare *Moore v. TCI Cablevision of Ga.*, 235 Ga. App. 796, 799 (2) (510 SE2d 96) (1998), and *Potts v. Roller*, 232 Ga. App. 696 (503 SE2d 587) (1998) (both cited by the Levines), in neither of which there was evidence of pre-existing injuries. Moreover, Levine had no bruises nor any other apparent injury at the accident scene and went to work

the same day. She did not seek medical treatment for any injuries until a week after the accident. This constituted further evidence disputing proximate cause. See *Kent v. Peters*, 211 Ga. App. 698 (1) (440 SE2d 87) (1994).

The court did not err in denying the Levines' motion for new trial on general grounds.

2. The court charged the jury that should it find no defendant was negligent, it should return a verdict in favor of the defendants. The Levines claim error, contending that because this was a rear-end collision, at the very least Mrs. Choi was negligent.

Following the jury charge, the court asked the Levines for any objections. Although they raised other objections, the Levines failed to object to this jury instruction. "[I]n all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict. . . ." OCGA § 5-5-24 (a). As the instruction was not a blatant error that resulted in a gross miscarriage of justice, the Levines have waived this objection. *Hayden v. Sigari*, 220 Ga. App. 6, 11 (6) (467 SE2d 590) (1996); see *Duncan*, supra, 236 Ga. App. at 567; *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 187 (4) (450 SE2d 452) (1994).

Moreover, the instruction was accurate. *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 451 (224 SE2d 25) (1976), held:

> In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. The history of the decisions of the Court of Appeals in this type of case since 1965 convinces us that these issues should be resolved . . . by the jury and not by trial and appellate judges.

Accord *Hillary v. Burrell*, 237 Ga. App. 792, 794 (1) (516 SE2d 836) (1999). Dimitropoulos testified she traveled in the lane of traffic for some time and stopped behind the Levines, with the Chois following at a safe distance. Mrs. Choi testified that an unexpected cramping in her leg precluded her from stopping timely. Cf. *Hollingsworth v. Thomas*, 148 Ga. App. 38, 41 (2) (250 SE2d 791) (1978) (some accidents are simply unavoidable and not caused by negligence).

The court did not err in giving the instruction.

3. Immediately after charging the jury that the Levines carried the burden of proving proximate cause by a preponderance of the evidence, the court instructed:

> In this connection I charge you the law does not permit you

to speculate or guess as to the cause of any alleged injury and damage. If you believe that from the evidence adduced that the cause of any injury or medical condition which may have been suffered by the plaintiff cannot be determined *with certainty* but that it is a matter of speculation or conjecture, then in that event you would not be authorized to find a verdict against the defendants in any amount for such injury or medical condition. And in such instance it would be your duty to return a verdict in favor of the defendants as to such injury or medical condition, it being absolutely necessary for the plaintiff in order to recover damages from the defendants to show by a legal *preponderance of the evidence* that the particular loss complained of was proximately caused by the negligence of the defendants.

(Emphasis supplied.) The Levines contend this charge raised the standard of proof to one of certainty and was inconsistent with the "preponderance of the evidence" burden applicable to civil cases. See OCGA § 24-4-3.

This charge was approved in *Leslie v. Williams*, 235 Ga. App. 657, 659 (2) (510 SE2d 130) (1998), and other decisions. But *Herr v. Withers*, 237 Ga. App. 420, 421-422 (515 SE2d 174) (1999), disapproved of these decisions and held it was error to give the charge. Nevertheless, where the charge as a whole properly informs the jury of the appropriate burden of proof, reversal is not required. *Whitt v. State*, 257 Ga. 8, 9 (3) (354 SE2d 116) (1987). Giving the correct instruction on several other occasions in other parts of the charge may cure the erroneous instruction. *Williams v. State*, 267 Ga. 771, 773-774 (2) (482 SE2d 288) (1997).

Here the court repeatedly instructed the jury that the standard was a preponderance of the evidence (i) during the initial charge at the beginning of trial, (ii) at the end of plaintiffs' evidence, and (iii) on seven occasions during the final jury instructions. The court further instructed the jury to consider the charge in its entirety. The charge as a whole adequately and fairly conveyed that plaintiffs' burden of proof was a preponderance of the evidence.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED SEPTEMBER 16, 1999 —
RECONSIDERATION DENIED OCTOBER 18, 1999 — ▬▬▬▬▬

*Thornton, Leff & Elsner, Robert A. Elsner*, for appellants.
*Allen & Associates, Twanda Turner-Hawkins, Savell & Williams,*

*Susan C. Speer, Christie, Toreno & Hatcher, Carrie L. Christie*, for appellees.