A99A2078. GALLOWAY et al. v. LINNELL.
(529 SE2d 226)

RUFFIN, Judge.

Keith Linnell filed a dispossessory action against his tenants, Mark Galloway and Mark Osenbach. The tenants counterclaimed for actual and punitive damages, alleging that Linnell failed to repair the premises. Linnell dismissed the dispossessory action before the start of trial, stating that he was no longer the tenants' landlord.[1] Following a bench trial on the tenants' counterclaim, the trial court entered judgment in favor of Linnell. Galloway and Osenbach appeal, contending that the trial court erred in denying their motion to compel and in entering judgment for Linnell. We affirm.

1. About two months before trial, the tenants filed a motion to compel responses to discovery requests. Although the trial court apparently held a hearing on the motion, the record does not contain a transcript of the hearing or a copy of the trial court's ruling. Accordingly, even if we assume that the trial court denied the motion to compel, we have no way of knowing the reason for its decision. The tenants admit that "there is not a record of the ruling by the lower court as to Appellants' motion to compel," but urge us "to review the pleadings . . . and determine whether or not the lower court erred by allowing the Appellee, via counsel, to thimblerig the discovery process in this case." Contrary to the tenants' assertions, however,

[i]t is incumbent upon [the tenants], as appellant[s], to pro-

---

vide this Court with a record from which we can ascertain whether the trial court correctly ruled upon [their motion], and mere assertions of error in [their] brief do not suffice. In the absence of a sufficient record, we must assume that the trial court's ruling was proper.[2]

2. In their second enumeration of error, the tenants contend that the trial court "erred by granting judgment to [Linnell] under the facts of this case." The tenants do not provide a single citation to the record to support this enumeration. Indeed, they do not even make any argument as to how the facts required judgment in their favor but simply assert that "[w]hile, it was certainly within the discretion of the lower court to grant judgment to the Appellee, it is Appellants' position that the lower court's judgment was not based upon the evidence or facts of the case." In particular, the tenants do not point to any facts contradicting the trial court's finding that they failed to prove any damages and do not even mention that issue in their brief.[3]

It is one thing when a party simply fails to provide a record citation to a particular fact he discusses in his brief. In such case, especially if the record is small, we will usually address the issue on its merits.[4] It is quite another thing, however, when a party challenges the sufficiency of the evidence but fails to provide any discussion of the facts or any argument as to how they require reversal. This case falls into the latter category. In essence, the tenants are simply saying, "We don't like the trial court's judgment. Please review the record and see what you think." As we have repeated time and time again, however, "it is not the function of an appellate court to cull the record in search of error on behalf of a party."[5] In the absence of any proper argument or discussion of the facts, we decline to sift the record to determine whether there was evidence to support the trial court's ruling.[6]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[2] (Citations omitted.) *Self v. State*, 232 Ga. App. 735, 737 (3) (503 SE2d 625) (1998). We also note that the tenants' brief fails to provide any citations to the record.

[3] In one sentence, the tenants appear to suggest that they believe the trial court entered judgment for Linnell because his attorney would not get paid otherwise, but they provide no support for this belief. They also state that, after the filing of their notice of appeal, the trial court allowed Linnell's counsel to "abscond" with funds in the court's registry and that this fact "further supports Appellants' position that the proceeding in the lower court were [sic] not upon an even legal playing field." Apart from the fact that this does not address the tenants' enumeration, there is nothing in the record to support their factual assertions.

[4] See *Collins v. Newman*, 237 Ga. App. 861 (1) (517 SE2d 100) (1999).

[5] (Punctuation omitted.) *Wilson v. Mallard Creek Holdings*, 238 Ga. App. 746, 748 (519 SE2d 925) (1999). See also *Collins*, supra; *Sparti v. Joslin*, 230 Ga. App. 346, 347 (2) (496 SE2d 490) (1998).

[6] See *Clark v. Stafford*, 239 Ga. App. 69, 74 (4) (522 SE2d 6) (1999); *Sparti*, supra.

DECIDED FEBRUARY 3, 2000.

Mark Galloway, *pro se.*
Mark Osenbach, *pro se.*
*Wayne A. Bailey*, for appellee.