## A00A0889. LEONARD et al. v. DIXON.
(538 SE2d 781)

MILLER, Judge.

Franklin Dixon's vehicle rear-ended a vehicle stopped at a stoplight and occupied by Shiquita Leonard and Sally Emma Leonard, allegedly injuring them. The Leonards sued Dixon for negligence, which Dixon denied, testifying that some oil in the road prevented his vehicle from timely stopping. Although Dixon pled guilty to a citation for "following too closely," the court denied the Leonards' motion for a "partial directed verdict on the issue of negligence" and charged the jury on all the elements of negligence. The jury returned defense verdicts, and the court denied the Leonards' motion for new trial. The Leonards appeal, arguing that under these facts the court was required to direct a verdict in their favor on negligence and should not have charged the jury to decide the issue.

1. *Levine v. Choi*,[1] also a rear-end collision case, recently rejected

---

[1] 240 Ga. App. 384, 386 (2) (522 SE2d 673) (1999).

similar arguments. Quoting *Atlanta Coca-Cola Bottling Co. v. Jones*,[2] *Levine* reiterated:

> In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. The history of the decisions of the Court of Appeals in this type of case since 1965 convinces us that these issues should be resolved . . . by the jury and not by trial and appellate judges.[3]

Thus, "without an admission of liability or an indisputable fact situation that clearly establishes liability, it is error for the trial judge to direct a verdict on the issue of liability in favor of either party."[4]

The Leonards contend that the undisputed facts here clearly established liability. But just as *Levine* held that the jury should decide the issue of negligence where the defendant testified that an unexpected cramping in her leg precluded her from stopping timely,[5] so the jury was authorized to decide the issue of negligence here where Dixon testified that an unexpected oil spot precluded him from stopping timely.

The Leonards further contend that Dixon admitted to liability by pleading guilty to the traffic offense of following too closely. But such an admission is only one circumstance to be considered with all the other evidence in a civil action for damages and is not a conclusive showing of liability.[6]

The court correctly denied the Leonards' motion for a partial directed verdict and properly charged the jury to decide the issue of negligence.

2. We do not find the appeal frivolous and thus deny Dixon's motion for sanctions under Court of Appeals Rule 15 (b).

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 28, 2000 —
RECONSIDERATION DENIED SEPTEMBER 21, 2000 — ▆▆▆▆▆▆▆

*James B. Sullivan*, for appellants.

---

[2] 236 Ga. 448, 451 (224 SE2d 25) (1976).
[3] (Citations omitted.) Supra, 240 Ga. App. at 386 (2).
[4] Supra, 236 Ga. at 451.
[5] Supra, 240 Ga. App. at 386 (2).
[6] *Malcolm v. Malcolm*, 112 Ga. App. 151, 156 (1) (144 SE2d 188) (1965).

*Swift, Currie, McGhee & Hiers, Thomas J. Mazziotti*, for appellee.