## A00A1769. BUTTS v. WILLIAMS.
(543 SE2d 779)

RUFFIN, Judge.

Danya Butts sued Dedric Williams for injuries she allegedly sustained in an automobile collision. The jury returned a verdict for Williams, and Butts appeals. She contends that the trial court erred by denying her motions for directed verdict and a new trial because the evidence of Williams' negligence was undisputed and she was legally entitled to damages. Finding no error, we affirm.

On review of a trial court's denial of a motion for directed verdict or new trial,

> this Court determines if there is any evidence to support the jury's verdict. Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are

---

[3] Id. at 53 (2).

the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict. . . . This standard of review requires [Butts] to show that there was no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demanded the verdict sought.[1]

The record shows that, on March 19, 1997, Butts and Williams were both driving north on North Jefferson Street in adjacent lanes. Williams turned into Butts' lane of traffic, colliding with her car. Although Williams testified that he used his turn signal, Butts stated that she never saw the signal and did not "anticipate anything." According to Butts, Williams admitted fault to her and to a police officer who arrived at the scene. At trial, however, Williams testified that Butts "was trying to pass me when I had on a signal light."

After the collision, Butts lost control of her car, which "ended up on the grass in somebody else's driveway on the opposite side of the road." She testified that her body jerked from side to side with the movement of the car, her leg hit the console, and her abdomen hit another part of the car. Butts did not tell the police officer that she was injured and said she did not want an ambulance.

Later, however, Butts' husband told her that she was limping, and he took her to the emergency room at Oconee Regional Medical Center, where she complained of bruises on her leg and pain in her right side. She was released after a series of x-rays revealed no fractures, misalignments, or other abnormalities. Butts testified that she returned to the emergency room two more times in March because she was still in pain. More x-rays were taken, as well as a CT scan of her abdomen. According to Dr. Robert Berger, a diagnostic radiologist at the hospital, these additional tests also showed no abnormalities.

Butts consulted a private physician, who prescribed a variety of muscle relaxants and pain medications which, according to Butts, did not work. Butts then went to see a chiropractor recommended by her lawyer. After two or three months of chiropractic care, her condition improved. Nevertheless, Butts testified that she still experiences occasional pain in her leg and that she can no longer play tennis. When questioned on cross-examination about her medical history, Butts admitted that she "ha[s] had female problems in the past" that have "affect[ed] the whole stomach area."

---

[1] (Citations and punctuation omitted.) *CSX Transp. v. West*, 240 Ga. App. 209, 210 (1) (523 SE2d 63) (1999).

Dr. Berger testified that Butts had visited Oconee Regional Medical Center a number of times before her 1997 collision complaining of pain in her abdominal region. According to Dr. Berger, the hospital performed a CT scan of Butts' abdomen in 1992 after she complained of acute gastritis, urinary tract infection, and dehydration. That same year, the hospital took x-rays of Butts' ribs and chest after she complained of pain underneath her rib cage. Additional chest x-rays, as well as a series of rib x-rays, were taken on three separate occasions in 1994. In May 1995, another chest x-ray and CT scan of Butts' abdomen were performed after she again complained of abdominal pain. In October 1995, a "small bowel series" was performed for abdominal pain. And in August 1996, a gallbladder sonogram and an "acute abdominal series" were performed for abdominal pain.[2]

In addition to the hospital visits related to and preceding the collision, Dr. Berger testified that Butts visited the hospital at least twice after the collision. In December 1997, Butts' right hip and thigh were x-rayed after she apparently fell. According to Dr. Berger, those x-rays showed no abnormalities. In July 1998, an MRI scan was performed on Butts' right knee due to a history of knee pain. Dr. Berger testified that the MRI revealed "wear and tear" and a small amount of fluid on the joint, but no indication of traumatic injury. Butts testified that the MRI was taken after her leg "gave out" on her at work and that surgery was then performed on her knee. Butts further testified that she could not say whether her knee problem resulted from the 1997 collision.

At trial, Butts sought $10,844.44 in medical expenses and lost wages. At the close of the evidence, Butts moved for a directed verdict, which the trial court denied. The jury then deliberated and returned the following handwritten verdict: "We, the jury, did find Mr. Williams was negligent; however we do not feel Ms. Butts is entitled to any damages." After consulting counsel, the trial court instructed the jury to resume deliberations and return a unanimous verdict on the form provided by the court. The jury then returned a verdict for Williams.

On appeal, Butts contends that "there was no question about [Williams'] negligence having caused the collision and there was undisputed and unrefuted evidence that [Butts] did sustain some injury in the accident." Pretermitting whether the evidence demanded a conclusion that Williams was negligent, the jury could have concluded that Butts failed to establish the essential element of proximate cause.

---

[2] With the exception of a small, nonproblematic cyst in her kidney first noted during the May 1995 abdominal CT scan, Dr. Berger did not testify to any abnormality found in any of these tests.

"A negligence action requires proof that the defendant breached a duty of care owed to plaintiff, which breach proximately caused damage to plaintiff."[3] In the case of injuries allegedly arising from an automobile accident,

> [e]ven if plaintiff has established that she has suffered certain substantial physical injuries and even if the nature of these injuries is consistent with her assertion they were the result of a motor vehicle collision, the evidence does not require a conclusion that plaintiff's injuries were proximately caused by defendant's negligence.[4]

Likewise, "[e]vidence that plaintiff's injuries were pre-existing is sufficient for a jury to find the accident did not proximately cause the injuries."[5] The question of whether the plaintiff has proven proximate cause generally is one for the jury.[6]

Butts asserted that she suffered pain in her abdomen and leg as a result of the collision with Williams. There was evidence, however, that Butts had complained of abdominal pain on multiple occasions prior to the collision. Dr. Berger testified that from 1994 to 1996, the hospital performed two CT scans, multiple x-rays, a gallbladder sonogram, a "small bowel series," and an "acute abdominal series" on Butts — all as a result of her complaints of abdominal pain. In addition, Butts did not tell the police officer at the scene of the accident that she was injured, and she said that she did not want an ambulance. She eventually went to the emergency room only after her husband told her that she was limping. According to Dr. Berger, the diagnostic tests performed on Butts after the collision showed no abnormalities. And a 1998 MRI on her leg revealed "wear and tear," but no sign of traumatic injury. In light of this evidence, the jury could have concluded that any abdominal and leg pain that Butts experienced after the collision resulted from pre-existing conditions or from normal degeneration, and not from the collision.[7]

Because the jury could have concluded that Butts failed to establish the element of proximate cause, the trial court did not err in denying her motions for directed verdict and new trial.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[3] *Levine v. Choi*, 240 Ga. App. 384, 385 (1) (522 SE2d 673) (1999).

[4] (Punctuation omitted.) *Blosfeld v. Hall*, 236 Ga. App. 286, 288 (511 SE2d 196) (1999).

[5] *Levine*, supra.

[6] *Duncan v. Randolph*, 236 Ga. App. 566, 567 (512 SE2d 688) (1999).

[7] See *Levine*, supra at 385-386.

DECIDED DECEMBER 11, 2000.

*Dozier & Sikes, Lester Z. Dozier, Jr.*, for appellant.
*Daniel Bullard IV, Jon R. Hawk*, for appellee.