## A01A1166. KMART CORPORATION v. MORRIS et al.
### (555 SE2d 106)

RUFFIN, Judge.

Cleo and David Morris sued Kmart Corporation ("Kmart") for damages allegedly caused when Mrs. Morris fell at a Kmart store. A jury found in favor of the Morrises, and Kmart appeals. For reasons that follow, we affirm.

On October 21, 1996, Mr. and Mrs. Morris went shopping at their local Kmart. To enter the store, the Morrises had to pass through two automatic doors. Mrs. Morris walked without incident through the first door, which opened inward toward the store. As she approached the second door, however, it swung outward into her path, knocking her to the ground. According to Mr. Morris: "The second door, which leads to the inner part of the store, as Mrs. Morris stepped on the activator or whatever it is the door swung abruptly, swinging back and hitting her and knocking her down." Mrs. Morris testified that, although she had passed through the Kmart entrance numerous times, she "had never known [the door] to open back like it did."

The Morrises subsequently brought suit, alleging that Kmart failed to keep the store's premises and approaches safe. Kmart admitted prior to trial that the automatic door should have opened inward instead of outward. In its portion of the consolidated pretrial order, Kmart further explained:

> The door in question has a feature where, in emergencies, someone can push the doors outward to exit through them. After having been so employed, however, the doors open outward instead of inward until manually reset. Mrs. Morris arrived after someone, without the knowledge of Kmart personnel, had exited through the entrance doors and their unexpected outward motion caused them to strike her.[1]

---

[1] We note that the Morrises did not try to introduce at trial any portion of the pretrial order or Kmart's responses to their requests for admission.

Kmart presented no evidence at trial. After the Morrises rested their case, Kmart moved for a directed verdict, which the trial court denied, and the jury found in favor of the Morrises.

1. In its first enumeration of error, Kmart argues that the trial court erred in admitting at trial an out-of-court statement made by an unidentified Kmart employee. We find no error.

After Mrs. Morris fell, Mr. Morris helped her into the store to the service desk, where they reported the incident. He then drove his wife to the hospital. Before they left for the hospital, however, Mr. Morris asked a Kmart employee, "[w]hat happened? The doors swung the wrong way. Isn't anybody maintaining these things?" Although he could not identify the employee, Mr. Morris described the employee's gender, race, height, and weight. Over Kmart's hearsay objection, Mr. Morris was allowed to testify that the employee responded to his questions as follows: "Accidents will happen. Someone has pushed the door the wrong way going out and until it's reset it will continue to operate that way and the reset was never made prior to her entering the door." The trial court explained that it admitted this testimony because the employee's statement fell within the res gestae exception to the hearsay rule.

Under OCGA § 24-3-3, "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." Application of the res gestae exception is fact specific, turning on the particular facts of each case.[2] Thus, "[a] trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous."[3]

Kmart contends that statements by unidentified employees in premises liability cases never fall within the res gestae. We disagree. Such a bright-line approach is neither mandated by Georgia law nor appropriate for the factually intensive inquiry governing res gestae.[4] Although we have affirmed the exclusion of unidentified employee statements in various cases, we have recognized that the res gestae

---

[2] See *Seed v. Smith &c. Mgmt. Corp.*, 242 Ga. App. 395, 396 (1) (530 SE2d 29) (2000).

[3] (Punctuation and emphasis omitted.) *Stouffer Corp. v. Henkel*, 170 Ga. App. 383, 385 (1) (317 SE2d 222) (1984). See also *Moore v. State*, 217 Ga. App. 207, 210 (5) (456 SE2d 708) (1995).

[4] See *Sutton v. Winn Dixie Stores*, 233 Ga. App. 424, 426 (504 SE2d 245) (1998) (statement made by unidentified employee to plaintiff after plaintiff fell in store came within res gestae exception to hearsay rule); *Stouffer Corp.*, supra at 385 (trial court did not clearly err in concluding that statements made by unidentified employee fell within res gestae).

exception turns on the facts of the case.[5]

To fall within the res gestae, a statement "must be contemporaneous with the main fact, but need not be precisely concurrent in point of time; it is sufficient if such declarations spring out of the transaction, if they elucidate it, if voluntary and if made at such time as reasonably to exclude the idea of design."[6] In this case, the unidentified employee's statement was made after Mrs. Morris fell, but before Mr. Morris transported her from the store to the hospital. The trial judge could have reasonably found that the statement was voluntary, sprang out of the incident, and elucidated the cause of Mrs. Morris' fall.

Furthermore, the statement's reliability appears unquestioned. Despite Kmart's arguments, we do not view the statement as "mere speculation" about whether someone actually pushed the door outward before Mrs. Morris entered the store. Instead, the employee described how the door worked, explaining that when opened the wrong way, the door would swing outward until reset. Kmart never disputed this fact. Indeed, it provided a similar explanation in the pretrial order and told the jury during opening statements that the door operated in this manner. This case is thus distinguishable from cases cited by Kmart, such as *Barich v. Cracker Barrel &c.*,[7] in which unidentified employee statements were deemed to be unreliable or conjecture.

Given the circumstances surrounding the employee's statement, as well as Kmart's pretrial concession that the door worked as the employee described, we find no error in the trial judge's conclusion that the statement was sufficiently informative and reliable to be admitted as part of the res gestae.[8] Accordingly, we will not disturb this evidentiary ruling on appeal.[9]

2. Kmart also argues that the trial court erred in denying its motion for directed verdict. Specifically, it claims the Morrises failed

---

[5] See *Hagan v. Goody's Family Clothing*, 227 Ga. App. 585, 587 (490 SE2d 107) (1997); *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271 (1) (375 SE2d 249) (1988) (physical precedent only).

[6] (Punctuation omitted.) *Quiktrip Corp. v. Childs*, 220 Ga. App. 463, 466 (3) (469 SE2d 763) (1996). See also *Thomas v. State*, 242 Ga. 712, 714 (1) (251 SE2d 294) (1978) (statement does not fall outside of the res gestae simply because it was made in answer to a question).

[7] 244 Ga. App. 550, 552 (1) (536 SE2d 221) (2000). See also *Hagan*, supra at 587 (remark of unidentified "employee" was "not enough to raise a genuine issue of material fact controverting the defendant's positive testimony that there was no defect of which it had actual or constructive superior knowledge") (punctuation omitted); *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866 (1) (502 SE2d 738) (1998) (same); *Johnston*, supra at 271 (1) ("Certainly the sayings of the unknown red-haired person were not part of the res gestae, since the alleged utterer is unknown, it cannot be shown that they qualify as being 'free from all suspicion of device or afterthought.'").

[8] See *Stouffer Corp.*, supra at 385.

[9] See id.

to prove that it had superior knowledge of the danger posed by the door.

A jury's verdict must be affirmed if there is any evidence to support it, and we construe the evidence on appeal "with every inference and presumption in favor of upholding the verdict."[10] To successfully challenge the trial court's denial of its directed verdict motion, Kmart must "show that there was no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demanded the verdict sought."[11] Kmart has not made the requisite showing here.

Under OCGA § 51-3-1, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." The owner/occupier thus owes invitees "a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk or to lead them into a dangerous trap."[12] The true basis for liability "is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm."[13]

Analogizing to cases involving a slip and fall on a foreign substance, Kmart argues that it was entitled to a directed verdict because the Morrises failed to show it had actual or constructive knowledge that the door had been pushed outward at some point before Mrs. Morris entered the store. This case, however, does not involve a foreign substance. Rather, the manner in which the door actually operated presented a potential hazard.[14] We find that the Morrises' recovery did not depend on Kmart's knowledge that the door, in fact, had been pushed the wrong way. They were required instead to prove that Kmart knew the door would open toward incoming patrons under certain circumstances.

A Kmart employee informed Mr. Morris that, when used as an exit and pushed outward, the entrance door that hit Mrs. Morris would automatically swing toward incoming patrons until reset. This employee's statement evidenced Kmart's knowledge that the automatic door would open the wrong way — and continue to open the

---

[10] *Butts v. Williams*, 247 Ga. App. 253-254 (543 SE2d 779) (2000).

[11] Id. at 254.

[12] *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997).

[13] (Punctuation omitted.) *Zellers v. Theater of the Stars*, 171 Ga. App. 406, 407 (1) (319 SE2d 553) (1984).

[14] See *Alterman Foods v. Ligon*, 246 Ga. 620, 623-624 (272 SE2d 327) (1980) (distinguishing cases involving slips on foreign substances from those alleging that a condition authorized by the proprietor, such as slippery floor wax, caused a fall).

wrong way — under specific circumstances. Moreover, under Georgia law, a proprietor is presumed to have knowledge of a condition it authorizes, such as an automatic door.[15] The evidence further showed that Kmart's knowledge exceeded Mrs. Morris' knowledge about the door's operation. Finally, the trial testimony established without dispute that Mrs. Morris was injured when the door swung toward her without warning, knocking her down.

Kmart knew a potentially hazardous condition existed on its property, and it was the jury's task to determine whether the door's operating mechanism posed an unreasonable risk to invitees. Kmart cannot avoid liability simply because it was unaware that the condition would manifest itself and cause injury when Mrs. Morris entered the store.[16] Based on the evidence, a jury could reasonably conclude that Kmart failed to exercise ordinary care in keeping its premises and approaches safe from foreseeable dangers posed by its automatic door.[17] Accordingly, the trial court properly denied Kmart's motion for directed verdict.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 5, 2001 — 

*Alston & Bird, James C. Grant, Nowell D. Berreth*, for appellant.
*Love, Willingham, Peters, Gilleland & Monyak, Allen S. Willingham, Jonathan C. Peters, Michael T. Carithers*, for appellees.

---

[15] Id. at 624; *Kroger Co. v. Strickland*, 248 Ga. App. 613, 615 (1) (b) (548 SE2d 375) (2001).

[16] See *Scarbrough v. Dover Elevator Co.*, 232 Ga. App. 149, 151 (500 SE2d 616) (1998) (claimant fell entering hospital elevator that failed to stop level with the floor; hospital knew about the hazard because it had prior knowledge of the elevator's "faulty leveling procedures"). See also *Robinson*, supra (owner/occupier owes duty of care to avoid leading invitee into trap).

[17] See *Robinson*, supra (in making the premises safe, owner/occupier must take "reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises").