### A03A1901. HENDERSON v. YOKLEY.
(594 SE2d 391)

MILLER, Judge.

Kathy Henderson sued her uninsured motorist carrier (State Farm Mutual Automobile Insurance Company) and Vickie Yokley for alleged injuries arising out of an auto accident in which Yokley's car rear-ended a vehicle that then rear-ended Henderson's. Evidence showed that Henderson's injuries may have been pre-existing, and the jury rendered a defense verdict. After Henderson unsuccessfully moved for a new trial, she appeals pro se, claiming that the weight of the evidence required a new trial. We disagree and affirm.

Construed in favor of the verdict, the evidence showed that in January and October 1992, Henderson was involved in two accidents that injured her neck and back. This painful condition continued for several years and was aggravated by a third accident in August 1995, which resulted in cervical strains to her back and neck.

Three months later, Henderson was stopped in rush-hour traffic when Yokley's auto rear-ended a vehicle, forcing it to rear-end Henderson's car. Henderson did not request an ambulance but instead drove to her sister's home nearby. Her sister drove her to the hospital, where she was not admitted for overnight treatment but did receive pain medication for neck and back pain. She was out of work for a couple of weeks and received additional treatment from a clinic for neck and back pain.

Henderson sued Yokley to recover for lost wages, medical expenses, and pain and suffering. Since Yokley had no insurance, Henderson included her uninsured motorist carrier (State Farm) as a defendant. Following the presentation of the above evidence, the jury rendered a defense verdict, and the court entered judgment accordingly. Arguing that the undisputed evidence strongly weighed in her favor, Henderson moved for a new trial, which the trial court denied. She appeals.

1. Construed favorably to Henderson, her pro se appeal apparently challenges the denial of her motion for new trial on the ground that the overwhelming weight of the undisputed evidence demanded a verdict in her favor. The standard for appellate review is clear:

> The appellate court will not disturb the trial court's refusal to grant a new trial if there is any evidence at all to support the verdict, however slight, and regardless of what may be

the character of the witnesses. Our function is to review the sufficiency of the evidence, and not to determine its weight. Though the evidence might have authorized a different verdict or the verdict is supported by only slight evidence or the evidence is conflicting or preponderates against the verdict, where no material error of law appears, the court will not disturb the trial judge's judgment in overruling the motion for new trial.

(Footnote omitted.) *Sunflower Properties v. Yocum*, 261 Ga. App. 142 (1) (581 SE2d 648) (2003).

Here some evidence showed that Henderson's injuries were pre-existing. "Evidence that plaintiff's injuries were pre-existing is sufficient for a jury to find the accident did not proximately cause the injuries. [Cits.]" *Levine v. Choi*, 240 Ga. App. 384, 385 (1) (522 SE2d 673) (1999). Combined with the evidence that she did not go directly to the hospital and that she was not admitted overnight to the hospital, this evidence supported a finding of no proximate cause and accordingly a defense verdict. Id. at 385-386 (1); see *Butts v. Williams*, 247 Ga. App. 253, 256 (543 SE2d 779) (2000).

The trial court did not err in denying Henderson's motion for new trial.

2. Citing the same grounds, Henderson also appears to challenge the court's entering judgment on the verdict. However, since some evidence supported the verdict, the court did not err in entering judgment on the jury's verdict. See *Webb v. Thomas Trucking, Inc.*, 255 Ga. App. 637, 640 (1) (a) (566 SE2d 390) (2002).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 5, 2004.

Kathy D. Henderson, *pro se.*
*Cooper & Makarenko, Gary M. Cooper*, for appellee.