### 47213. COCHRAN v. LYNCH.

EVANS, Judge. Mary Lee Cochran sued Donny W. Lynch because of personal injuries allegedly sustained as a result of defendant's negligence in driving a motor vehicle into the rear end of the motor vehicle driven by plaintiff. Defendant admitted that he was unable to stop his pickup truck before its front section struck the rear of the automobile driven by plaintiff. But he alleged he was without knowledge or information sufficient to form a belief as to the truth of the allegations as to plaintiff's injuries, and denied liability for any damages to plaintiff. The case came on for trial and the court directed a verdict for the plaintiff on the question of liability. However, the jury returned a verdict for the defendant; judgment was entered thereon, and a motion for a new trial was duly filed, heard and denied. The plaintiff appeals from the order overruling the motion for new trial. *Held:*

1. The question of damages being one for a jury, the court should not interfere unless the damages are so small or so excessive as to justify the inference of gross mistake or undue bias. *Code* § 105-2015.

2. The sole question for determination here is whether or not there was any evidence requiring the jury to return a verdict for damages for the plaintiff. The only evidence offered on this issue was the testimony of the plaintiff and her doctor. The jury necessarily completely disre-

garded this testimony in order to find in favor of the defendant.

Conceding, arguendo that a jury is not bound to accept and credit the testimony of a witness who is a party to the litigation, and therefore, interested in same (*Sligh v. Whitley,* 41 Ga. App. 428 (153 SE 237); *Laramore v. Minish,* 43 Ga. 282, 287; *Penny v. Vincent,* 49 Ga. 473, 475; *Amis v. Cameron,* 55 Ga. 449 (3); *Armstrong v. Ballew,* 118 Ga. 168 (2) (44 SE 996); *Bell v. Proctor,* 212 Ga. 325, 327 (92 SE2d 514); *Hinchcliffe v. Pinson,* 87 Ga. App. 526 (74 SE2d 497) and *Young v. Reese,* 119 Ga. App. 179 (2) (166 SE2d 420)), and also conceding arguendo that a fact-finding body, such as a jury, is not bound to accept and credit the testimony of an expert, such as a physician, while testifying as to his opinions and conclusions (*Liberty Mut. Ins. Co. v. Williams,* 44 Ga. App. 452 (161 SE 853); *Ocean Acc. &c. Corp. v. Lane,* 64 Ga. App. 149 (1) (12 SE2d 413); *Baldwin v. Ga. Automatic Gas Co.,* 85 Ga. App. 767, 780 (70 SE2d 108); *Holmes v. Harden,* 96 Ga. App. 365, 371 (100 SE2d 101)); yet there is another rule to the effect that positive and direct testimony of an unimpeached witness cannot be arbitrarily rejected by a jury. *Lankford v. Holton,* 197 Ga. 94, 102 (200 SE 243); *Myers v. Phillips,* 197 Ga. 536 (4) (29 SE2d 700).

Of course, a physician, when testifying to *facts,* if uncontradicted, should be believed, just as any other witness. And in the case sub judice, all of the testimony of the physician witness was not opinion or conclusionary testimony, though admittedly some of it was. The physician testified to facts—not opinions—in stating that plaintiff had limitation of motion of the different positions of the neck; that she had the loss of normal curvature of the spine; that she had a limitation of motion of the cervical spine, or neck. Further, attention is called to another pertinent authority, as follows, to wit: *Southern R. Co. v. Tankersley,* 3 Ga. App. 548 (60 SE 297): "Whether a person was injured, *and the extent of his injury and consequent suffering,* is entirely a question for the jury, and where he

testifies that he was injured and suffered, the jury can accept and credit his testimony based on his knowledge in preference to the evidence of a 'whole college of physicians' that he was not injured." In the case sub judice, the plaintiff testified that she was injured and that she suffered. Further, in *Dodson v. Cobb,* 92 Ga. App. 654, 655 (89 SE2d 552), it was held: "The law infers bodily pain and suffering from personal injury. . .", citing *County of Bibb v. Ham,* 110 Ga. 340, 341 (35 SE 656); *Coleman v. Dublin Coca-Cola Bottling Co.,* 47 Ga. App. 369 (170 SE 549).

Respecting the physician's testimony as to facts (not mere opinions) as to injury to curvature of spine and cervical spine of this plaintiff, it was held in *Langran v. Hodges,* 60 Ga. App. 567, 570 (4 SE2d 489): "Every person is entitled to retain and enjoy each and every power of body and mind with which he or she has been endowed, and no one, *without being answerable in damages,* can wrongfully deprive another by a physical injury of any such power or faculty, or materially impair the same." (Emphasis supplied.) The uncontradicted evidence in this case shows that plaintiff was injured and that she suffered; and the question of liability having been adjudicated against defendant, the jury was not authorized to return a verdict for the defendant.

3. The court erred in denying the motion for new trial, as the jury was required to return a verdict for some money damages for the plaintiff under the facts of this case.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 22, 1972—DECIDED JULY 5, 1972—
REHEARING DENIED JULY 31, 1972.

*Roberts & Kilpatrick, Samuel W. Worthington, III,* for appellant.

*Kelly, Champion, Denney & Pease, John W. Denney, Edward W. Szczepanski,* for appellee.