127 Ga. App. 281 (1972)
193 S.E.2d 200
DAVIS
v.
McCRAY.
47565.
Court of Appeals of Georgia.
Submitted October 5, 1972.
Decided October 12, 1972.
Mundy, Gammage & Cummings, F. Marion Cummings, for appellant.
Rogers, Magruder & Hoyt, Karl M. Kothe, for appellee.
DEEN, Judge.
The plaintiff appellant, on the way home from her doctor's office, was riding in a taxi which came almost to a stop at an intersection; the defendant's vehicle, also moving slowly, struck it from the rear. The plaintiff's body hit no part of the automobile. The taxi driver took her back to the doctor's office where she was given a prescription for pain; however, her subsequent testimony indicates that she took nothing stonger than aspirin. There appears to have been little damage to the vehicles involved. The collision occurred December 5, 1968; the plaintiff thereafter moved to Florida. She did *282 not again consult a physician until April, 1969, following which she was found to have a herniated disc, was operated on, and suffered a collapsed lung as a result of the operation.
During the trial the court properly directed a verdict for the plaintiff on the issue of liability, submitting the issue of damages to the jury. The latter returned a verdict for the defendant, doubtless based in part on medical opinion testimony from which an inference could be drawn that a greater amount of force than that indicated by the facts here would normally be present where a disc injury was involved.
The appellant strongly urges that a reversal is demanded under the decision in Cochran v. Lynch, 126 Ga. App. 866 (192 SE2d 165). In both cases the plaintiff was in a car hit from the rear, a verdict on liability was directed in her favor, and the jury returned a negative verdict. The distinction lies in the fact that in Cochran only the plaintiff and her doctor testified as to the extent of her injuries and their testimony was contradicted by neither testimony nor circumstances. In other words, the evidence there demanded a finding that the plaintiff was injured to some extent; if she was injured the casual chain was unbroken. Here the plaintiff is indeed injured but the question is whether she was injured by the collision. Opposing medical testimony and the intervening time support the negative inferences which the jury must have drawn from the evidence, and this alone is enough to preclude this court from reversing. "With all this power, a jury should not capriciously discredit a witness or reject his testimony; but if there be in evidence any circumstances or facts in conflict with the testimony of a party to the suit, . . . and the point be directly made to the jury as to what credit shall be given to his testimony, and they deliberately decide to reject it and the judge trying the case who, with the jury, both see and hear the party testify, refuses to interfere, we do not think a case is made to demand our intervention." Armstrong v. *283 Ballew, 118 Ga. 168, 171 (44 SE 996) quoting Penny v. Vincent, 49 Ga. 473.
Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.