### A92A2015. PURVIS v. TOOLE.
(427 SE2d 565)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit, seeking to recover for injuries allegedly sustained in an automobile collision. In appellee-defendant's answer, she admitted that she caused the collision, but denied that appellant had been injured therein. The case was tried before a jury and a verdict in favor of appellee was returned. Appellant appeals from the judgment entered by the trial court on that defense verdict.

1. Relying on *Cochran v. Lynch*, 126 Ga. App. 866 (192 SE2d 165) (1972), appellant enumerates the general grounds.

Appellant's reliance upon *Cochran v. Lynch*, supra, is misplaced. "The distinction lies in the fact that in *Cochran* only the plaintiff and her doctor testified as to the extent of her injuries and their testimony was contradicted by neither testimony nor circumstances. In other words, the evidence there demanded a finding that the plaintiff was injured to some extent; if she was injured the causal chain was unbroken. Here [appellant] is indeed injured but the question is whether she was injured *by the collision.* Opposing medical testimony and the intervening time support the negative inferences which the jury must have drawn from the evidence, and this alone is enough to preclude this court from reversing." (Emphasis in original.) *Davis v. McCray*, 127 Ga. App. 281, 282 (193 SE2d 200) (1972). In light of this and additional evidence adduced by appellee regarding the source of appellant's injuries, it cannot be said that the jury *arbitrarily* discounted the testimony of appellant or the opinion of her expert. Accordingly, the general grounds have no merit. See *Hansen v. White*, 190 Ga. App. 596 (1) (379 SE2d 536) (1989).

2. The trial court did not err in charging the jury in accordance with appellee's defensive contentions. See *Hughes v. Newell*, 152 Ga. App. 618, 619 (2) (263 SE2d 505) (1979).

3. During closing argument, appellee's counsel expressed an impermissible personal opinion regarding the veracity and credibility of appellant's experts. Appellant objected and requested curative instructions and a rebuke of appellee's counsel. In the presence of the jury, appellee's counsel promptly withdrew the comment and the trial court then instructed him to "stay away" from the topic. See *Futch v. State*, 137 Ga. 75, 80-81 (72 SE 911) (1911). Compare *All Risk Ins. Agency v. Southern Bell Tel. &c. Co.*, 182 Ga. App. 190, 193 (355

SE2d 465) (1987) (wherein the jury was not present). On appeal, appellant urges that the trial court's response to the improper argument was inadequate.

"Whether the court takes sufficient steps to remove the improper matter from the mind of the jury is frequently a question of degree to be decided under the circumstances of the case." *Howard v. Renfroe*, 93 Ga. App. 59, 62 (4) (90 SE2d 598) (1955). Under the circumstances of the instant case, we cannot say that the trial court's response to the improper argument was so inadequate as to require the grant of a new trial. See *Georgia Life Ins. Co. v. Hanvey*, 143 Ga. 786 (3) (85 SE 1036) (1915).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993.

*Stubbs & Associates, M. Francis Stubbs*, for appellant.
*Robert S. Slocumb, Bonnie K. Cole*, for appellee.