## A93A1793. KENT v. PETERS.
(440 SE2d 87)

Smith, Judge.

This personal injury action arises out of an intersection collision between a car driven by defendant Peters and one driven by plaintiff Kent's husband. Kent was a passenger in her husband's car. On the trial of the case, the jury returned a verdict in favor of defendant. Plaintiff's motion for new trial was denied, and she appeals.

1. Kent first enumerates as error the general grounds. "The jury verdict has the approval of the trial judge, and after verdict the evidence is to be construed in the light most favorable to the prevailing party and every presumption and inference is in favor of sustaining the verdict. And, if there is any evidence to sustain the verdict of the jury, an appellate court will not disturb it." (Citations and punctuation omitted.) *Nolen v. Murray Indus.*, 165 Ga. App. 785, 786 (1) (302 SE2d 689) (1983). By returning a general verdict in favor of Peters, the jury necessarily concluded either that Peters was not negligent or, if she was, that Kent did not sustain an injury as a result of her negligence. Assuming without deciding that the evidence demanded a finding of negligence on the part of Peters, a review of the trial transcript shows evidence from which the jury was authorized to conclude that Kent was not injured as a result of the collision.

In this case, some time intervened before Kent consulted a physician. Approximately one month passed before she went to the hospital emergency room, two to three months before she consulted an orthopedist, and almost three years before she consulted a neurological surgeon. There was testimony from Kent's treating physicians that their diagnoses depended upon Kent's subjective complaints of pain, that she "had a normal examination," with no objective signs of a neurological problem, and that there were other possible causes of her symptoms. Kent's physicians also disagreed as to the nature of her injuries. There was also evidence from which the jury could conclude that Kent gave incomplete or inconsistent medical histories to one or more of her physicians, and that there was inconsistent evidence regarding, for example, her statements at the scene of the accident and her description of her symptoms.

Kent's reliance on *Cochran v. Lynch*, 126 Ga. App. 866 (192 SE2d 165) (1972) is misplaced. " 'The distinction lies in the fact that in *Cochran* only the plaintiff and her doctor testified as to the extent of her injuries and their testimony was contradicted by neither testimony nor circumstances. In other words, the evidence there demanded a finding that the plaintiff was injured to some extent; if she was injured the causal chain was unbroken. Here (appellant) is indeed injured but the question is whether she was injured *by the collision*. Opposing medical testimony and the intervening time support the

negative inferences which the jury must have drawn from the evidence, and this alone is enough to preclude this court from reversing.' . . . [Cit.] In light of this and additional evidence adduced by appellee regarding the source of appellant's injuries, it cannot be said that the jury *arbitrarily* discounted the testimony of appellant or the opinion of her expert[s]. Accordingly, the general grounds have no merit. [Cit.]" (Emphasis in original.) *Purvis v. Toole*, 207 Ga. App. 189 (1) (427 SE2d 565) (1993).

2. Kent also contends the trial court erred in disqualifying her husband as her trial counsel. Kent's husband was driving the car at the time of the collision. Moreover, his deposition was taken before the motion to disqualify was filed, and his testimony at that deposition bore directly on the issues of Peters's negligence and his wife's injuries. He testified as plaintiff's first witness at trial and was cross-examined on several disputed points.

"The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge. Our review of the record reveals no abuse of discretion in granting appellee's motion to disqualify appellants' counsel. [Cit.]" (Citations and punctuation omitted.) *Clos v. Pugia*, 204 Ga. App. 843, 845 (1) (420 SE2d 774) (1992). Under the circumstances presented here, it is clear that Kent's husband was a material witness. Accordingly, the trial court did not err in granting the motion to disqualify him as counsel. *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 405 (3) (359 SE2d 904) (1987); *McCabe v. Lundell*, 199 Ga. App. 639, 641 (3) (405 SE2d 693) (1991).

3. Kent's final enumeration of error challenges a portion of the trial court's charge on causation of injuries. The charge complained of was as follows: "I further charge you that medical evidence showing only a possibility of a causal relationship between the accident and the injuries alleged is not by itself sufficient to establish such relation unless there is other evidence which taken in conjunction with the medical evidence establishes that the injuries alleged . . . naturally and probably result from the accident in question."

The substance of the charge is taken from *Nat. Dairy Prod. Corp. v. Durham*, 115 Ga. App. 420, 423 (154 SE2d 752) (1967). The trial court also charged on proximate cause and exacerbation of pre-existing injury, direct evidence and credibility and believability of witnesses. Given the evidence as outlined in Division 1, and taken as a whole, *Jordan v. Santa Fe Engineering*, 198 Ga. App. 600, 602 (2) (a) (402 SE2d 304) (1991), the charge was an accurate statement of the law, was adjusted to the evidence, and was not confusing to the jury.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JANUARY 24, 1994.

*Peter G. Williams*, for appellant.

*Divine, Wilkin, Raulerson & Fields, Richard W. Fields*, for appellee.