A99A2494. BURCHFIELD et al. v. MADRIE.
(524 SE2d 798)

PHIPPS, Judge.

Connie Madrie negligently caused a rear-end collision which involved Gard Burchfield's car. Months after the collision, a torn rotator cuff was diagnosed in Burchfield's right shoulder. He and his wife sued Madrie to recover for personal injuries and loss of consor-

tium. The Burchfields appeal the judgment on a jury verdict in Madrie's favor. They claim the trial court erred by denying their motion for new trial on general grounds, by giving jury charges on nominal damages and preexisting injury, and by refusing to admit Burchfield's hospital records in evidence. Because the evidence did not demand a verdict for the Burchfields and no reversible error has otherwise been shown, we affirm.

On December 7, 1995, Madrie failed to stop her car when approaching a red light and rear-ended an automobile stopped at the light. That automobile was propelled into a stationary compact car being driven by Burchfield. In turn, Burchfield's car hit a pickup truck in front of it. The trial court directed a verdict in favor of the Burchfields on the issue of Madrie's negligence.

The collision caused moderate damage to Madrie's car and slight damage to the others. Burchfield testified that the impact of the collision caused his shoulder to pop and severe pain to radiate down the right side of his body. Emergency medical personnel on the scene offered to take him to the emergency room, but instead he opted to be seen by his company physician, Dr. Sherrer, later that day. Within the next month, Dr. Sherrer treated Burchfield on three occasions. Dr. Sherrer performed no diagnostic tests but determined that Burchfield had a sprained shoulder.

According to Burchfield, over the next several months he began experiencing a limitation of movement in his right arm. He began to have difficulty sleeping because of the worsening of pain and stiffness in his arm. As a result, he returned to see Dr. Sherrer in April 1996. After steroid treatment proved ineffectual, Dr. Sherrer ordered an MRI exam and referred Burchfield to Dr. McCluskey, an orthopedic surgeon specializing in shoulder injury.

Dr. McCluskey saw Burchfield on May 28, 1996. According to Dr. McCluskey, Burchfield displayed physical symptoms consistent with a right shoulder rotator cuff injury at least four to five months old. On August 20, surgery was performed to repair a rotator cuff that was approximately 90 percent torn. Burchfield did not tell Dr. McCluskey that he had experienced any problems with his arm or shoulder before the collision, and the doctor testified that the December 7 collision "certainly could have" caused the shoulder injury. Dr. McCluskey explained that the physical findings together with occurrences since the collision indicated that the collision had caused the injury, although he was unable to perform any test that would establish from a medical standpoint that Burchfield's injury actually occurred as a result of the collision. In the doctor's words, with this type of injury a limited range of motion develops over a period of time, and "everything fit together."

Dr. McCluskey acknowledged that repetitive use of the arm (for

pushing, pulling, or lifting), recreational activities, or any type of shoulder injury caused by a fall or jarring of the arm can cause a rotator cuff injury. But he testified that sports-related shoulder injuries are usually different from Burchfield's.

Burchfield and his wife testified that before this collision he had experienced no problems with his right arm or shoulder. On April 7, 1995, Burchfield was, however, involved in another automobile collision quite similar to the one in this case. He testified that he was not injured in the earlier collision and did not seek medical treatment after it. Even though Burchfield was described by himself and by his wife as not being athletic, their testimony, and that of their daughter, showed that before the collision he had begun to display an interest in sports by taking golf and tennis lessons and pitching softball with the family in their backyard. In 1994, he took beginner's golf lessons for about two months but did not thereafter play the game because he had no clubs. He took beginner's tennis lessons once or twice a week for about three months during the fall of 1995, but only played tennis several times after the lessons were completed.

1. The Burchfields contend that the court's charge to the jury on preexisting injury was not supported by the evidence.

The trial court charged the jury that if it found that, at the time of the incident, Burchfield had any apparent or dormant preexisting condition, Madrie would not be relieved of liability, but the Burchfields could recover damages if Madrie's negligence resulted in any aggravation of such condition.

The Burchfields argue that this charge should not have been given because there was no evidence of any preexisting injury. It is true that there is no direct evidence of preexisting injury. But there is no direct evidence that this collision caused Burchfield's injury. Because there is circumstantial evidence from which the jury could have inferred that his sporting activities and the earlier collision caused or contributed to his injury,[1] the court did not err in giving the charge on preexisting injury.

2. The Burchfields' charge that the court erred in denying their motion for new trial on evidentiary grounds raises the question of whether the evidence demanded a verdict in their favor.

A reviewing court must view the evidence in a light most favorable to upholding the jury's verdict and any evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence. [Cits.][2]

---

[1] Compare *Wright v. Millines*, 217 Ga. App. 464, 467 (5) (458 SE2d 488) (1995).
[2] *Clark v. United Ins. Co. of America*, 199 Ga. App. 1, 3 (1) (404 SE2d 149) (1991).

The jurors are the sole and exclusive judges of the weight and credit given the evidence.[3] The question of proximate cause is one for the jury except in " 'palpable, clear, and indisputable' " cases.[4]

The trial court having granted the Burchfields' motion for directed verdict on the issue of negligence, and there being undisputed evidence that Burchfield incurred at least $16,000 in medical expenses in treating his shoulder injury, the question for the jury was whether a proximate causal relationship was established between the injury and the collision caused by Madrie. Here, as in *Johnson v. Cooper*,[5] the jury could have found that the force of the collision was unlikely to have caused Burchfield's injury.[6] Thus the jury could have concluded that the injury was attributable to Burchfield's other activities and that the Burchfields did not carry their burden of proving proximate cause. The jury was not bound to accept Dr. McCluskey's conclusions regarding causation.[7] "Regardless of whether we might find it unlikely that [Burchfield's injury] would coincidentally manifest [itself] . . . after [this] accident, that is a matter for the jury to decide, and it is not within our province to second-guess their factual findings. [Cits.]"[8]

3. The Burchfields also charge the court with error in failing to admit Burchfield's hospital records in evidence under the business records exception to the hearsay rule.

The court refused to admit these records in evidence after finding that they were merely cumulative of Dr. McCluskey's testimony. Because the Burchfields have made no contrary showing on appeal, they have failed to carry their burden of showing error affirmatively by the record.

4. Finally, the Burchfields contend that the court erred in instructing the jury that it could award nominal damages if the injury were small or mitigating circumstances strong. Because the jury failed to award any damages whatsoever, this charge was not harmful even if it was error.[9]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

---

[3] *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996).

[4] *Woodbury v. Whitmire*, 246 Ga. 349, 350 (1) (271 SE2d 491) (1980).

[5] 234 Ga. App. 753, 756 (1) (507 SE2d 559) (1998).

[6] Compare *Moore v. TCI Cablevision*, 235 Ga. App. 796, 798 (2) (510 SE2d 96) (1998); *Potts v. Roller*, 232 Ga. App. 696 (503 SE2d 587) (1998); *Cochran v. Lynch*, 126 Ga. App. 866 (2) (192 SE2d 165) (1972).

[7] See *Hambrick v. Makuch*, 228 Ga. App. 1, 3 (2) (b) (491 SE2d 71) (1997).

[8] *Johnson v. Cooper*, supra, 234 Ga. App. at 756.

[9] See *Weathers v. Foote & Davies Transport Co.*, 189 Ga. App. 134, 136 (2) (375 SE2d 97) (1988); *Minter v. Leary*, 181 Ga. App. 801 (1) (354 SE2d 185) (1987).

DECIDED NOVEMBER 9, 1999 —
RECONSIDERATION DENIED NOVEMBER 22, 1999.

*F. Houser Pugh*, for appellants.

*Self, Mullins, Robinson, Marchetti & Kamensky, J. Ronald Mullins, Jr., Miller & Towson, Wallace Miller III, Joel A. Howe, Page, Scrantom, Sprouse, Tucker & Ford, Robert C. Brand, Jr.*, for appellee.