## A02A2235. MURRAY v. GARDNER.
(578 SE2d 302)

RUFFIN, Presiding Judge.

On October 25, 1997, a vehicle driven by Norman Gardner rear-ended Pamela Murray's car. Murray sued Gardner for damages she allegedly sustained in the wreck, and the case proceeded to trial. Following a defense verdict, the trial court denied Murray's motion for new trial. Murray now appeals, claiming that the trial court should have granted her a new trial because the evidence demanded a damages award. We agree and reverse.

1. In reviewing the ruling on Murray's motion for new trial, we construe the evidence in the light most favorable to the jury's ver-

dict.[1] We will affirm the trial court's ruling if any evidence supports the verdict.[2]

Viewed in this light, the evidence shows that Gardner caused the wreck by striking Murray from behind. When emergency personnel arrived at the collision scene, Murray, who was pregnant, reported that her stomach was cramping and that she had hit her head. Concerned about the pregnancy, the emergency workers suggested that she be taken to the emergency room. Murray agreed and was transported by ambulance to the hospital. The emergency room staff examined and released her that day.

One or two days later, Murray began experiencing dizziness and nausea. The symptoms persisted, and her physician eventually determined that she was suffering from an inner-ear disorder. Murray testified that medications help control her symptoms. Nevertheless, she still experiences occasional dizziness and nausea. According to Murray, these symptoms, as well as side effects from her medications, prevent her from working.

Although Murray's physician admitted that several factors, including pregnancy, could have triggered her symptoms, he drew a connection at trial between those symptoms and the head trauma she sustained in the collision. The physician testified:

> the way [Murray] described the onset of her symptoms occurring virtually in immediate conjunction with her automobile accident, I think by default you kind of put those two together. Can I confidently say that I know that's the origin of her problem? No, sir, I can't, . . . but it certainly [makes] sense.

Gardner pled guilty to following too closely, and he did not dispute that he caused the collision. Instead, he argued at trial that the wreck did not proximately cause Murray's alleged injuries. According to Gardner, Murray's doctors "were not able to testify conclusively as to the cause of her" inner-ear condition. In his view, therefore, the evidence permitted the jury to find that her condition resulted from something other than the collision.

Even if the evidence supported that conclusion, however, a defense verdict was not authorized. Murray presented evidence that emergency workers transported her by ambulance to the hospital out of concern for her unborn child. She tendered into evidence bills relating to the ambulance trip and the emergency room treatment. Gardner did not refute this evidence at trial or question the need for

---

[1] See *Burchfield v. Madrie*, 241 Ga. App. 39, 41 (2) (524 SE2d 798) (1999).
[2] See id.

the emergency services. In fact, his counsel stated during trial that Murray "obviously [did] the right thing" by going to the hospital after the collision.

Gardner vigorously contested Murray's claim that the collision caused a disabling inner-ear injury. But he never suggested that costs stemming from the October 25, 1997 ambulance trip and emergency room visit were not proximately related to the collision he caused. Under these circumstances, the jury's defense verdict was strongly against the weight of the evidence.[3] Accordingly, the trial court erred in denying Murray's motion, and we remand the case for a new trial on all disputed issues.[4]

2. Given our decision in Division 1, Murray's remaining enumeration of error is moot.

*Judgment reversed and case remanded with direction. Barnes and Adams, JJ., concur.*

DECIDED FEBRUARY 18, 2003.

*Shepherd & Johnston, Timothy N. Shepherd, Lance N. Owen*, for appellant.

*David B. Dunaway*, for appellee.

---

[3] See *Moore v. TCI Cablevision of Ga.*, 235 Ga. App. 796, 798-799 (2) (510 SE2d 96) (1998); *Potts v. Roller*, 232 Ga. App. 696-697 (503 SE2d 587) (1998); *Thomas v. Kite*, 206 Ga. App. 80 (1) (424 SE2d 305) (1992).

[4] See *Moore*, supra at 799; *Potts*, supra at 697.