A03A1984. DAILEY et al. v. ECHOLS et al.
(594 SE2d 658)

RUFFIN, Presiding Judge.

Bettie Dailey sued Kimberly Echols and her parents, Bruce and Terry Echols, claiming that Kimberly's negligence caused an automo-

---

bile collision that resulted in Dailey's injuries.[1] The Echolses conceded that Kimberly's negligence caused the collision and proceeded to trial on the issue of damages. The jury found for the defendants, and this appeal ensued. In two enumerations of error, Dailey contends that the trial court erred in failing to grant her motion for new trial, arguing that the jury's verdict was against the weight of the evidence. We disagree and affirm.

If a jury has returned a verdict, which has been approved by the trial judge, then

> the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of [Dailey's] motion for new trial will not be disturbed.[2]

So viewed, the evidence shows that on September 7, 1999, the date of the collision, Kimberly was 15 years old, and she did not have a valid driver's license. Her parents nonetheless permitted her to drive the family car without an adult in the vehicle. As Kimberly drove out of a driveway, she struck a car that Dailey was driving. Kimberly's father, Bruce, came to the scene and asked Dailey "if she was all right." Dailey responded, "yes." Dailey then drove away in her car.

Notwithstanding her assertion that she was all right, Dailey subsequently went to the emergency room, where she complained about shoulder pain, pain in her left side, and pain while moving. The next day, Dailey went to see Dr. Susan Harding. During her appointment, Dailey told Dr. Harding that she had pain in her left shoulder and her ribs.

On October 4, 1999, Dailey was seen by Dr. Payne, an orthopedic surgeon, for pain in her left knee. In November 1999, an MRI of Dailey's knee showed damage to her lateral and medial meniscus. Dailey subsequently underwent two knee surgeries, including a knee replacement, on her left knee. According to Dailey, her various medical treatments and surgeries were necessitated by the car collision, and

---

[1] Dailey's husband, Darrell Dailey, also sued the Echolses for loss of consortium. For the sake of clarity, we refer simply to Dailey.

[2] (Punctuation omitted.) *Blosfeld v. Hall*, 236 Ga. App. 286 (511 SE2d 196) (1999).

she sought over $60,000 in medical bills as well as compensatory damages, punitive damages, and attorney fees.

The Echolses contend that none of Dailey's alleged damages stems from the collision. In support of this contention, the Echolses tendered photographs at trial that showed Dailey's vehicle sustained minimal damage in the collision. The Echolses further point to inconsistencies between Dailey's testimony about her medical complaints and the medical records. Although Dailey testified that her left knee hurt following the collision, the report from her emergency room visit indicates that she did not complain about knee pain. Finally, the Echolses contend that Dailey's medical problems were preexisting, and the medical records support this contention. In fact, over a year before the accident, Dailey saw Dr. Harding for "knee pain, off and on for years, [that had gotten] worse lately."

The jury evidently found the Echolses' contentions persuasive, and it found in their favor on all counts. This appeal ensued.

"In Georgia, a plaintiff cannot recover for injuries sustained as a result of a defendant's negligence unless the plaintiff shows that the defendant's negligence was the proximate cause of the injury."[3] Even where a defendant concedes the issue of negligence, the plaintiff is not entitled to monetary damages without establishing proximate cause.[4] "The question of whether the plaintiff has proven proximate cause generally is one for the jury."[5] Even if a plaintiff establishes that she has suffered substantial injury and even if such injury could conceivably have resulted from the automobile collision, "the evidence does not require a conclusion that plaintiff's injuries were proximately caused by defendant's negligence."[6]

Here, there was evidence from which the jury could have concluded that the automobile collision was too minor to cause Dailey's injuries and that any medical problems she may have are unrelated to the collision. It follows that the trial court did not err in denying her motion for new trial.[7]

The case cited by Dailey, *Murray v. Gardner*,[8] does not require a different result. In that case, a pregnant woman was in a car that was struck from behind. According to the woman, she began cramping. And, when the emergency workers arrived at the scene of the collision, they suggested that the woman be taken to the emergency room. Despite the fact that the woman tendered the medical bills

[3] Id. at 288.
[4] See *Webb v. Thomas Trucking, Inc.*, 255 Ga. App. 637, 640 (1) (a) (566 SE2d 390) (2002).
[5] *Butts v. Williams*, 247 Ga. App. 253, 256 (543 SE2d 779) (2000).
[6] Id.
[7] See id.; *Webb*, supra; *Pointer v. Cooley*, 191 Ga. App. 548 (1) (382 SE2d 359) (1989).
[8] 259 Ga. App. 725 (578 SE2d 302) (2003).

relating to the ambulance trip and the emergency room bills, the jury awarded a zero verdict. Under those circumstances, we held that the verdict "was strongly against the weight of the evidence."[9]

Contrary to Dailey's implicit contention, *Murray* does not stand for the proposition that anyone involved in an automobile collision is entitled to go to the emergency room. Rather, a plaintiff still must prove that the collision proximately caused the injuries, thus necessitating a trip to the emergency room.[10] Here, the jury evidently rejected Dailey's self-serving testimony that she was injured in the accident and needed to go to the emergency room. Given the conflicts in the medical testimony regarding whether her injuries were preexisting and her statement to Bruce Echols that she was "all right" following the accident, the jury was authorized to conclude that the minor collision did not warrant a trip to the emergency room.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 28, 2004 —
RECONSIDERATION DENIED FEBRUARY 6, 2004.

*Louis K. Polonsky, Clifton G. Spencer*, for appellants.
*Mabry & McClelland, Robert M. Darroch, Richard H. Hill, Jr., Young, Thagard, Hoffman, Smith & Lawrence, James B. Thagard, John H. Smith, Jr.*, for appellees.

